J. M. BARROWS, B. A. RHODES, JOHN MCLAUGHLIN, J. B. MCCALL AND A. F. DRISKELL, COMPOSING THE BOARD OF COUNTY COMMISSIONERS OF BAY COUNTY, FLORIDA, *Plaintiffs in Error*, v. THE STATE OF FLORIDA *ex rel.* F. M. CAMPBELL, AS COUNTY JUDGE OF BAY COUNTY, FLORIDA, *Defendant in Error.*

## Opinion filed May 30, 1919.

Under Section 9, Article XVI of the Constitution "the legal costs and expenses, including the fees of officers," in criminal prosecutions "shall be paid by the counties * * * under such regulations as shall be prescribed by law;" and under the statute no costs of a committting magistrate shall be paid by the county if no information or indictment is found against the person committed or held to bail by such magistrate.

A Writ of Error to the Circuit Court for Bay County; D. J. Jones, Judge.

Judgment reversed.

*J. M. Sapp*, for Plaintiffs in Error;

*W .C. Price*, for Defendant in Error.

WHITFIELD, J.—An alternative writ of mandamus was issued by the Circuit Judge in which it is in effect alleged that the relator County Judge was entitled to fees as a committing magistrate in a case wherein a party "charge with the offense of embezzlement" waived examination and was required to give bail for appearance before the next term of the Circuit Court, at which term the grand jury returned "no bill" against the defendant, whereupon relator demanded his costs as committing magistrate, and payment was refused by the county commissioners. The alternative writ commanded payment, or a showing of cause for not making payment. A demurrer to the alternative writ was overruled, and the respondents declining to further plead, a peremptory writ was ordered, and respondents took writ of error.

The constitution cantains the following provisions: "The county judge * * * shall have the power of a committing magistrate." Sec. 17, Art. IV. "His compensation shall be provided by law." Sec. 16, Art. IV. "In all criminal cases prosecuted in the name of the State, when the defendant is insolvent or discharged, the legal costs and expenses, including the fees of officers, shall be paid by the counties where the crime is committed, under such regulations as shall be prescribed by law; and all fines and forfeitures collected under the penal laws of the State shall be paid into the country treasuries of the respective counties as a general county fund to be applied to such legal costs and expenses." Sec. 9, Art. XVI, as amended in 1893.

The statutes of the State provide: "When a committing magistrate holds to bail or commits a person to answer to a criminal charge and an information is not filed or an indictment found against such person, the costs and fees of such committing trial shall not be paid by the county, except the costs of executing the warrants." Sec. 970, Gen. Stats. 1906. "Whenever a committing magistrate holds to bail or commits any person to answer to a criminal charge in a county court, a criminal court of record, or a circuit court, and an information is not filed nor an indictment found against such person, the costs of such committing trial shall not be paid by the county, except the costs for executing the warrant." Sec. 4070, Gen. Stats. 1906. "In all cases of Justices of the Peace and County Judges in this State shall require payment in advance or security for costs of process service of the same and of examination unless the party applying for a warrant shall make an affidavit of insolvency and of substantial injury, to person or property, by him suffered, in which case process shall issue without payment of costs." Chap. 5651, Acts of 1907.

Under the constitution the compensation of a county judge is provided by law. Where a county judge acts as a committing magistrate he is by the constitution entitled to his "legal costs" "under such regulations as shall be prescribed by law." The law prescribes the "legal costs and expenses, including the fees of officers," that in "criminal cases are prosecuted in the name of the State," "shall be paid by the counties where the crime is committed," and payments thereof are required to be made "under such regulations as may be prescribed by law." These organic provisions contemplate the payment to a committing magistrate only such fees as shall be pre-

scribed by statute. This being so the statute is not invalid because it excludes fees in certain matters.

It appears by the alternative writ that the grand jury returned no true bill against the defendant who was committed to bail by the relator; and under the statute the relator as committing magistrate was entitled to no fees from the county in such case.

In this case the embezzlement charged may have been from a private party, in which case Chapter 5651, Acts of 1907, above quoted, may have been applicable. See Simmons v. State, *ex rel.* Tew, 71 Fla. 340, 71 South. Rep. 278.

Judgment reversed.

BROWNE, C. J., AND TAYLOR, ELLIS AND WEST, JJ., concur.